IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE ESTATE OF STEPHEN SULVAN SPRING, DECEASED; STEPHEN J. SPRING, Personal Representative, | ) ) ) ) | No. 79705-1-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) ) | |
| | ) | |
| OUR COMMUNITY CREDIT UNION, and NORTHWEST TRUSTEE SERVICES, as Trustee, | ) ) ) ) | |
| Respondent. | ) ) ) | FILED: June 10, 2019 |

HAZELRIGG-HERNANDEZ, J. — In order to proceed with a nonjudicial foreclosure, the Deeds of Trust Act requires specific notice to unidentified successors in interest. In 2017, the estate of Stephen Sulvan Spring filed this complaint for wrongful sale, claiming it had not received notice. Our Community Credit Union (OCCU) foreclosed on the deed of trust in 2015, before the estate existed as a legal entity. OCCU followed the notice requirements prior to the foreclosure. The trial court dismissed Spring's claim on summary judgment. Affirmed.

## FACTS

In 2008, Stephen S. Spring and Shirley A. Spring granted OCCU a deed of trust against their property at 11 SE Channel Point Rd, Shelton. Stephen S. Spring

died in November, 2011.[1] Shirley Spring began to miss payments on the promissory note in July 2013. OCCU communicated with Shirley Spring many times.

In May, 2015, the trustee mailed a notice of default to Shirley Spring, "The Estate of Stephen S Spring" and "The Heirs and Devisees of The Estate of Stephen S Spring" at multiple addresses, including the 11 Southeast Channel Point Road address. In June, the trustee mailed a notice of trustee's sale and notice of foreclosure to the same addressees. The notice of trustee's sale was recorded with the Mason County Auditor.

In October 2015, Stephen S. Spring's son, Stephen J. Spring, filed a complaint to restrain the trustee's sale. That complaint was dismissed for failure to state a claim upon which relief could be granted. OCCU purchased the property at the trustee's sale later that month.

Almost a year after the sale in August 2016, Stephen J. Spring petitioned for letters of administration for the estate of Stephen S. Spring. The estate filed a complaint for wrongful sale in February 2017. OCCU moved for summary judgment on the basis that it fulfilled the statutory notice requirements. The court dismissed the estate's complaint.

---

[1] The death certificate identifies the deceased as "Stephan Sulvan Spring" while the parties and deed of trust consistently identify him as "Stephen Sulvan Spring." The parties appear to accept that the documents refer to the same individual.

DISCUSSION

I.   Summary judgment was appropriate because Spring's complaint failed as a matter of law.

Summary judgment orders are reviewed de novo, considering the evidence and reasonable inferences in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). After the defendant has moved for summary judgment on the basis that there is an absence of evidence to support the plaintiff's case, the plaintiff must demonstrate facts, which if believed by the factfinder, would entitle them to relief. Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If the plaintiff fails to establish an essential element of the case, summary judgment is appropriate. Id.

Spring alleged that the trustee's sale failed to comply with the Deeds of Trust Act.[2] Spring argues that because the estate did not exist at the time of the sale, the trustee could not notify the estate as required in the act.[3] This court disagrees.

The notice requirements for a trustee's sale when the trustee knows the borrower is deceased are contained in RCW 61.24.030(10) and RCW 61.24.040(b)(i)(B). The trustee must send notice to any successor in interest. RCW 61.24.040(1)(b)(i)(B). If no successor in interest has been established, the

---

[2] Chapter 61.24 RCW
[3] Spring cites RCW 61.24.031, but that section only applies to deeds of trust recorded against owner-occupied residential real property. RCW 61.24.031(7)(a). It is undisputed that the borrowers, Stephen S. Spring, the deceased, and Shirley A. Spring, his spouse, did not reside at the 11 SE Channel Point Road property. Therefore, RCW 61.24.031 does not apply.

trustee must send notice to any spouse, child, or parent of the borrower known to the trustee, or whose name and address can be located in the public records of any obituary, will, death certificate, or probate case in the county where the property is located. Id.; RCW 61.24.030(10).

There is no requirement to notify the deceased borrower's estate of a trustee's sale when the estate has not been established. The statute specifically provides for alternative notice in situations where the successor in interest has not been established. In such a situation, the trustee must notify any spouse, child, or parent the trustee can ascertain with reasonable diligence. Here, the trustee mailed notice to Shirley Spring, decedent's spouse, as well as notice addressed to "The Estate of Stephen S Spring" and "The Heirs and Devisees of The Estate of Stephen S Spring". Each notice was sent to three different addresses, including the 11 SE Channel Point Road address. Because the statute explicitly provides alternative notification methods when a successor in interest has not been established, OCCU was not required to notify the estate, and Spring's complaint fails as a matter of law.

II.  Even if Spring's interpretation of the Deeds of Trust Act was correct, he has failed to designate a record sufficient for us to reverse a trial court's decision.

After OCCU filed a motion for summary judgment, affidavits, and documents demonstrating compliance with the act, the burden on summary judgment shifted to Spring to demonstrate evidence that would support a verdict in Spring's favor.

Spring did not designate any evidence introduced in response to OCCU's summary judgment motion in the record before this court. The appellant bears the burden of perfecting the record on appeal so the reviewing court has the evidence relevant to deciding the issues. <u>Rhinevault v. Rhinevault</u>, 91 Wn. App. 688, 692, 959 P.2d 687 (1998). The record before us contains only bare assertions supporting Spring's complaint, and does not designate any materials that contain evidence supporting a claim that OCCU failed to comply with the Deeds of Trust Act. Affirmed.

WE CONCUR:

Andrus, J.